## GREENBAUM v. LEHRENKRAUSS CORPORATION.

### No. 7132.

District Court, E. D. New York.

Feb. 1, 1934.

John J. Bennett, Jr., Atty. Gen., of the State of New York, and Joseph C. H. Flynn, Asst. Atty. Gen., for Superintendent of Insurance.

Saxe & Sheafe, of New York City, for defendant.

Strongin & Hertz, of Brooklyn, N. Y., for interveners and on behalf of receivers.

Archibald Palmer, of New York City, for complainant.

BYERS, District Judge.

This is a motion by the superintendent of insurance of the state of New York for an order amending the order entered in this proceeding on December 7, 1933, appointing receivers in equity of the defendant, with conventional powers, and restraining all and sundry from instituting or prosecuting any suit, action or proceeding, etc., against the defendant or its named affiliates, including Lehren-

krauss Mortgage & Title Company, so as to permit the said superintendent to continue his proceeding, said to have been heretofore commenced and to be now pending in the Supreme Court of this state, for an order of liquidation and dissolution of the last named corporation, pursuant to article 11 (§ 400 et seq.) of the Insurance Law of New York (Consol. Laws N. Y. c. 28).

A consideration of all that is involved in the motion leads to the conclusion that it must be denied for the following reasons:

Much more is presented than a mere conflict of opinion as to whether this court, or the state court can claim priority of jurisdiction in point of time. The property and assets of the defendant company cannot be administered in the interest of creditors, if one of the defendant's instrumentalities is to be legally separated from the entire structure, and liquidated as a thing apart.

The business of the Mortgage & Title Company is not sought to be operated as such by the receivers, so that the public cannot be betrayed by the continuance of such services as it is equipped to render in furtherance of the conservation by the receivers of the properties, contracts and assets of the defendant.

If the Mortgage & Title Company were the only entity before either court, it might become necessary to inquire whether, as a matter of law, the proceeding said to have been initiated in the state court possesses statutory validity, but, in the view here taken, this is not thought to require determination.

The state proceeding is essentially administrative, not judicial, and does not present the issue which would arise if the Supreme Court of New York had the power to appoint its own receiver, and had exercised that power, with respect to either the defendant in this cause, or its Mortgage & Title Company affiliate.

The sole issue is whether this court has been convinced that the jurisdiction which it has exercised, upon due consideration, should be surrendered in part for the reasons stated in the motion papers.

That issue must be resolved against the motion, because it clearly appears that a coherent and economical administration of the defendant's properties, assets and contracts, as well as the rights and interest of mortgagors, mortgagees, and others who have dealt with the defendant company in any of its guises, so requires.

Settle order.